640 So.2d 1194 (1994)
Betsy E. COLE a/k/a Betsy Yvonne Cole, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1677.
District Court of Appeal of Florida, First District.
August 1, 1994.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
At the time appellant entered her plea to numerous offenses she was warned that a habitual felony offender sentence might be imposed resulting in imprisonment for a longer period of time. This warning did not satisfy the requirements of Ashley v. State, 614 So.2d 486 (Fla. 1993). The sentence is reversed and the case remanded to the trial court to allow appellant to withdraw her plea or be sentenced again after proper inquiry pursuant to Ashley.
ZEHMER, C.J., and BARFIELD, J., concur.
KAHN, J., specially concurs with written opinion.
KAHN, Judge, concurring specially.
I would reverse and remand because the trial court improperly accepted appellant's plea without advising her of the maximum sentence which she could receive, in violation of Rule 3.172(c)(1), Fla.R.Crim.P. I perceive some degree of inconsistency between the requirements imposed by Ashley v. State, 614 So.2d 486, 490, n. 8 (Fla. 1993), and the specific requirements of Rule 3.172(c), upon which the supreme court purported to rely in Ashley. I am somewhat concerned about requiring a trial court to make "proper inquiry pursuant to Ashley," until the supreme court clarifies Ashley's requirement that a defendant be made aware of the "reasonable consequences" of habitualization. 614 So.2d at 490.